IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEANA MISTY WARREN,

                Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,[1]

                Defendant.

OPINION AND ORDER

21-cv-007-wmc

Pursuant to 42 U.S.C. § 405(g), plaintiff Jeana Warren seeks judicial review of a final determination that she was not disabled within the meaning of the Social Security Act, contending that remand is warranted because Administrative Law Judge Laura Chess ("ALJ"): (1) failed to comply with SSR 12-2p and evaluate her fibromyalgia under an equivalent listing; (2) failed to analyze Warren's subjective complaints regarding her fibromyalgia; and (3) lacked authority to decide her claim for disability payments given that the Acting Commissioner of Social Security holds his office unconstitutionally. For the reasons that follow, the court rejects all challenges and affirms the ALJ's decision.

BACKGROUND

A. Overview

Plaintiff Warren has at least a high school education, was 46 years old on the alleged disability onset date, and is unable to perform any past relevant work experiences. The ALJ held a telephonic hearing on August 25, 2020, which Warren attended. (AR 17.) Warren was represented at the hearing by non-attorney Jaclyn Moussallem and attorney

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

Andrew Allamain. (*Id*.) Warren is now represented by attorney Dana Duncan rather than Moussallem or Allamain. (Pl.'s Mot. (dkt. 18) 1.) On September 3, 2020, the ALJ issued an opinion finding that Warren was not disabled. (AR 34.) Specifically, the ALJ found that Warren had the following severe impairments: "fibromyalgia; hyperlipidemia; hypertension; gastroesophageal reflux disease; chronic liver disease; irritable bowel syndrome; small right knee joint effusion; asthma; obesity; depressive disorder; and anxiety disorder." (AR 19.) Ultimately, however, the ALJ concluded that none of these conditions (nor any combination thereof) met or exceeded the severity of equivalent disabilities listed in 20 CFR Part 404, Subpart P, Appendix 1, finding that "[t]he evidence does not show medical findings that meet or equal any listed impairment of the Listings of Impairments." (AR 20.) In particular, the ALJ went through the listing criteria under 1.02 (major dysfunction of a joint), 3.02 (chronic respiratory disorders), 5.05 (chronic liver disease) and 5.06 (inflammatory bowel disease), as well as mental impairment criteria under 12.04 and 12.06, before finding that Warren's conditions taken singly or in combination could not fulfill any of those listings.

Consistent with these findings, the ALJ crafted a Residual Functional Capacity ("RFC") allowing for light work, including, among others, the following restrictions:

> [T]he claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk for 4 hours in an 8-hour workday. The claimant can sit for 6 hours in an 8-hour workday. The claimant can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can occasionally balance as defined by the Selective Characteristics of Occupations. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant can occasionally be exposed to extreme heat, extreme cold, wetness, and humidity. The claimant can occasionally be

>exposed to dust, fumes, odors, gases, and poor ventilation. The claimant cannot work around at unprotected heights or in the vicinity of uncovered, unguarded moving machinery. The claimant can occasionally interact with coworkers and the public. The claimant can understand, remember, and carry out simple instructions and can make simple work-related decisions. The claimant can tolerate occasional changes in a routine work setting. The claimant cannot work at a production rate pace, such as work on an assembly line.

(AR 24.) Moreover, assuming this RFC, the vocational expert testified that Warren would be able to perform a significant number of jobs within the national economy. (AR 33.) Deferring to that opinion, therefore, the ALJ held that Warren was "not disabled." (AR 34.)

OPINION

A federal court's standard of review with respect to a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence," *id.*, and ensure the ALJ has provided "a logical bridge" between findings of

3

fact and conclusions of law.  *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

## I.  SSR 12-2p

For fibromyalgia, an ALJ must first find that it is a "medically determinable impairment."  SSR 12-2p(3)(c)(IV)(B).  In this case, the ALJ described the criteria for making this finding.  (AR 21), having earlier in the opinion found fibromyalgia was a severe medically determinable impairment.  (AR 19.)  SSR 12-2p then requires the ALJ to follow the sequential evaluation process to determine if the medically determinable impairment of fibromyalgia ("FM") "equals the requirements of a listed impairment."  SSR 12-2p(3)(c)(V).  The Commissioner has held that "FM cannot meet a listing in appendix 1 because FM is not a listed impairment. At step 3, therefore, we determine whether FM medically equals a listing (for example, listing 14.09D in the listing for inflammatory arthritis), or whether it medically equals a listing in combination with at least one other medically determinable impairment."  SSR 12-2p(3)(c)(VI)(C).

Plaintiff argues that the ALJ was required to compare fibromyalgia to listing 14.09D for inflammatory arthritis (Pl.'s Mot. (dkt. 18) 8), but this argument is contradicted by the text of SSR 12-2p itself.  While the regulation does specify inflammatory arthritis as a potentially analogous listing, it is only described to be an *example* of a listing the ALJ could compare to fibromyalgia.  Plaintiff has pointed to nothing in SSR 12-2p, elsewhere in the social security regulations or in case law to suggest that the ALJ *must* compare fibromyalgia to inflammatory arthritis, a fact which plaintiff eventually concedes in her reply.  (Pl.'s Rep. (dkt. #29) 5.)  And even if the ALJ were to use listing 14.09D, Warren could not meet the requirements for that listing since she must show:

4

> Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
>
> 2. Limitation in maintaining social functioning.
>
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

Listing 14.09D.

"For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S. Ct. 885, 891, 107 L. Ed. 2d 967 (1990). While plaintiff makes a convoluted argument that the meaning of "marked" is different in the listing context than the mental impairment context, allowing Warren to claim a marked limitation in one of the three listed symptoms, Warren's potential claim for an equivalent listing fails much earlier. (Pl.'s Mot. (dkt. #18) 8.) In particular, to meet the listing, Warren would have needed to prove she suffered from "[r]epeated manifestations of inflammatory arthritis." Listing 14.09D. As the ALJ noted, Warren showed "no significant signs of inflammatory arthritis," something echoed in her medical record. (AR 25.) As the government notes, one doctor in fact noted that, "I see no sign of inflammatory arthritis." (AR 390.) Plaintiff fails to address this argument at all in her reply, focusing instead on "marked" limitations. Accordingly, whether or not the ALJ should have considered the listing of inflammatory arthritis, plaintiff did not offer evidence

5

that she could have met its requirements-- chief among them being "manifestations of inflammatory arthritis." Listing 14.09D.[2]

## II. Subjective Symptoms of Fibromyalgia

Plaintiff next argues that the ALJ failed to account for her subjective symptoms of fibromyalgia, especially the ALJ's reliance on objective medical evidence or the lack thereof. (Pl.'s Br. (dkt. #24) 13.) While it is true that fibromyalgia is "a common, but elusive and mysterious, disease" with many subjective symptoms, *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996), social security regulations state that, "[a]s in all claims for disability benefits, we need objective medical evidence to establish the presence of an MDI. When a person alleges FM, longitudinal records reflecting ongoing medical evaluation and treatment from acceptable medical sources are especially helpful." SSR 12-2(III)(A)(1). The ALJ also properly included subjective evidence in her analysis of plaintiff's FM, such as the fact that

> [T]here were several instances where the claimant did not report any joint pain or swelling . . . Subsequently, in March of 2019, chiropractic notes the claimant reported she had been feeling okay until she recently had fallen on the ice (5F/15).

---

[2] There is some question as to whether the ALJ must clearly denote which listing she using as a comparator for fibromyalgia at Step 3 and the level of specificity necessary. *Molly K. v. Saul*, No. 18 C 3415, 2019 WL 3857885, at *7 (N.D. Ill. Aug. 16, 2019) (remanding when, "the ALJ did not address which listing she considered for a fibromyalgia equivalency analysis or even mention fibromyalgia at Step 3"); but *Ellen B. v. Saul*, No. 19 CV 2389, 2020 WL 1912228, at *4 (N.D. Ill. Apr. 20, 2020) (holding that, "[t]he ALJ also specifically noted that both the medical evidence of record and the medical opinions in this case supported the notion that no impairment or combination if impairments was severe enough to meet the criteria of a listed impairment. Id. Therefore, under the plain language of SSR 17-2p, the ALJ sufficiently articulated her conclusion that Plaintiff's impairments – including fibromyalgia – did not medically equal a listed impairment"). However, the court need not address this matter, as it was not raised in plaintiff's opening brief and any argument to that effect was waived in the reply brief, which focused on the constitutional question.

> Afterward, in September in 2019, the claimant generally reported she felt well (10F/7) . . . on July 22, 2020, the claimant noted her knee felt fine with a pain rating of 2/10 (16F/2). Overall, the claimant's treatment consisted of pain and over the counter medication, a topical gel, chiropractic care, and physical therapy where the claimant noted benefit.")

(AR 9-10.)

Rather than basing her finding on laboratory tests alone, the ALJ took into account plaintiff's own reports of pain and her consistently conservative treatment plan. Plaintiff contends that several of the times she reported no pain, she was at an appointment for an entirely different medical problem than FM. (Pl.'s Br. (dkt. #24) 22.) If the only evidence the ALJ relied on was self-reports of mild pain at appointments for unrelated medical issues, this argument might be more persuasive. But instead, the ALJ looked at years of medical records, self-reports, and testing results. Most notably, the ALJ found that plaintiff never required intensive treatment for her FM, instead using over-the-counter painkillers, topical creams, and chiropractic adjustments. (AR 30.) Plaintiff may wish that the ALJ had weighed her subjective complaints more heavily than other pieces of evidence, but that is not a basis for remand. The court cannot reweigh evidence on appeal. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). The ALJ appropriately considered many factors in the record, and her decision is thus treated deferentially.

### III. Constitutional Challenge

Plaintiff also argues that the ALJ lacks authority to act on this claim, as the Commissioner of Social Security holds office on an illicit basis. (Pl.'s Mot. (dkt. #18) 18.) This argument relies on the Supreme Court's recent decision in *Seila L. LLC v. Consumer*

*Fin. Prot. Bureau*, 140 S. Ct. 2183, 207 L. Ed. 2d 494 (2020). This court, though, has rejected similar arguments in the past, finding that "a plaintiff seeking to bring such a constitutional challenge must demonstrate that the alleged unconstitutional, statutory removal restriction actually caused her some injury, and plaintiff has failed to do so here." *Schwechel v. Kijakazi*, No. 20-CV-700-WMC, 2022 WL 135022, at *5 (W.D. Wis. Jan. 14, 2022). While plaintiff suggests her denial of benefits, decided through a constitutionally illicit process, harmed her, this argument has also been rejected. See *Roth v. Kijakazi*, No. 20-CV-1077-JDP, 2021 WL 6062062, at *6 (W.D. Wis. Dec. 22, 2021) ("Because Roth has not alleged any connection between the removal provision and the decision denying him benefits, he is not entitled to remand on this basis."). Additionally, "[i]n this court's review, none have found that the existence of the removal provision warrants remand of an ALJ's decision denying benefits." *Id*. As such, the unconstitutionality of the Commissioner's authority is not a basis for remand in this case.

## ORDER

IT IS ORDERED that:

1) The decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that plaintiff Jeana Warren is not eligible for social security disability benefits, is AFFIRMED.

2) The clerk of court is directed to enter judgment for defendant.

Entered this 27th day of January, 2022.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge